UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOHN HOWARD SCOTT** <br>     **LA. DOC #95918** <br> **VS.** | **CIVIL ACTION NO. 3:15-cv-0823** <br><br> **SECTION P** <br><br> **JUDGE ROBERT G. JAMES** |
| **WARDEN JOHN SMITH** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

    Pro se plaintiff John Howard Scott, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 24, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). He is incarcerated at the Avoyelles Marksville Detention Center, but when he filed his complaint he was imprisoned at the Tensas Detention Center (TDC). He complains that he is not paid for the work he does and that the defendants have failed to respond to his grievances. He sued Warden John Smith, Dy. Warden Nolan Bass, Chief of Security Edward Walker, and Tensas Parish Sheriff Ricky Jones. He prayed for "monetary and all punitive damages for that which cause one mental anguish, stress, anxiety, and emotional and psychological injury..." and transfer to a DOC facility "as a result of danger." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Facts*

    Plaintiff is a DOC inmate who was employed as a janitor in the TDC kitchen from

January 2014 until his transfer to his present place of confinement at the end of March or beginning of April 2015. Plaintiff's job was to scrape, wax and buff floors in the prison kitchen and he performed this job for 12-16 hours a day. He demands payment of wages pursuant to La. R.S.15:873(A)(2).

On March 20, 2014, he submitted an inmate grievance demanding payment for his labor noting that his refusal to work would result in his placement in lock-down. [Doc. 1-1, Exhibit A-1] When he did not receive a response he submitted a similar grievance on September 8, 2014. Therein he complained that his "13th Amendment Rights have been violated..." [Id., Exhibit 1-2] When that grievance was ignored he submitted a grievance to DOC Headquarters on October 8, 2014. He complained about the failure of TPDC to respond to his prior grievances; the TPDC's refusal to pay inmate wages; the lack of security; and the fact that he must bear the cost of stamps and envelopes notwithstanding his indigency. [Id., Exhibit B] When he received no response he submitted another grievance to the DOC's "Internal Affairs Section" on February 8, 2015. He again complained that his previous grievances were ignored; that he was forced to work for no pay; and, that the prison security was lax.

*Law and Analysis*

*1. Screening*

As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's civil rights complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A, even though he has paid the full filing fee. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state

a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

**2. Prison Wages**

Plaintiff was presumably convicted of a felony and committed thereafter to the custody of the Louisiana DOC to serve his sentence. In conjunction with his lawful imprisonment, he has been assigned a prison job. He claims that the defendant's refusal to pay him wages for that job violates the Thirteenth Amendment's prohibition against slavery and involuntary servitude. He is mistaken, the Thirteenth Amendment permits involuntary servitude without pay as punishment after conviction of an offense, even when the prisoner is not explicitly sentenced to hard labor. *See Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir.2001); *Murray v. Miss. Dep't of Corr.*, 911 F.2d 1167, 1167-68 (5th Cir.1990); *Wendt v. Lynaugh*, 841 F.2d 619, 620-21 (5th Cir.1988). That he may be subjected to confinement in lock-down should he refuse to work likewise does not implicate a violation of the Thirteenth Amendment. *Compare Watson v. Graves*, 909 F.2d 1549, 1552–53 (5th Cir.1990).

His claim is frivolous. *Smith v. Dretke*, 157 Fed. Appx. 747 (5th Cir. 2005).

**3. Miscellaneous Claims**

Plaintiff raised only the Thirteenth Amendment claim in his complaint; however, he raised additional claims in his grievances, copies of which were submitted with the complaint. For example, he complained that TPDC and the DOC failed to respond to his grievances. Standing alone, this does not allege a Constitutional violation. *Compare Geiger v. Jowers*, 404

F.3d 371 (5th Cir. 2005) (Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably meritless); (see also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991 *(per curiam)* (concluding regulations providing for administrative remedy procedure do not create liberty interests in access to that procedure); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure."). To the extent that plaintiff complains about the grievance system, his complaint is likewise frivolous.

     In his grievance he also complained about the lack of security. Plaintiff offers no factual support for this conclusive allegation. Further, he does not allege that any harm has befallen him as a result of the prison's alleged lack of security. Title 42 U.S.C. §1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64

L.Ed.2d 572 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir.2002), *cert. denied*, 539 U.S. 914, 123 S.Ct. 2274, 156 L.Ed.2d 130 (2003).

The jurisdiction of a federal court may be invoked when a plaintiff has suffered some threatened or actual injury as a result of an allegedly unconstitutional action. The judicial powers given to federal courts under Article III of the United States Constitution exist only to redress or protect against injury to a complaining party. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Therefore, in order to have "standing" to bring a claim in a federal court, a plaintiff must allege actual or threatened "injury in fact, economic or otherwise." *Association of Data Processing Orgs. v. Camp*, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling." *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir.) (*en banc*), *cert. denied*, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 135 (1992). Plaintiff complained about the prison's security; however he has not alleged that he or anyone else suffered any injury or harm as a result of the complained of circumstance. He has now been transferred to another prison and therefore it is unlikely that he will be subjected to harm as a result of the TPDC's security system. This claim is also frivolous.

Finally, he complained that he must bear the cost of stamps and envelopes nothwithstanding his indigency. Read liberally, this claim suggests that plaintiff has been denied his Constitutionally guaranteed right of access to the Courts. "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not

extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). However, plaintiff has not demonstrated that his ability to prepare and transmit necessary legal documents to the court have been curtailed.

Furthermore, in order for him to state a claim that he was denied his constitutional right of access to the courts, he must also "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. In other words, plaintiff, at the very least, must show that he was prevented from filing a non-frivolous pleading. Plaintiff has not alleged that his ability to litigate a non-frivolous claim has been thwarted because of deficiencies in the prison's law library. Plaintiff's access to courts claim is frivolous.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

...

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 11, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**